# EXHIBIT "1"

## Plaintiff's Complaint



KOELLER | NEBEKER | CARLSON | HALUCK LLP

400 S. 4th Street, Suite 600
Las Vegas, NV 89101

Electronically Filed
12/09/2016 12:22:04 PM

*signature*

CLERK OF THE COURT

COMP
Sergio Salzano, Esq. (#6842)
4580 N. Rancho Dr., Suite 150
Las Vegas, NV 89130
(702) 629-6800
Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ANTHONY GOVATOS, <br><br> Plaintiff, <br><br> vs. <br><br> LIBERTY MUTUAL AUTO & HOME SERVICES, LLC, a Massachusetts corporation; LIBERTY MUTUAL GROUP, INC., a Massachusetts corporation; and DOES 1 through 200; <br><br> Defendants. | Case No. A-16-747880-C <br> Dept. No. XIV <br><br> COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND FOR UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS, NRS 686A et seq. |

**PARTIES**

1. Plaintiff ANTHONY GOVATOS is and has been at all times mentioned herein a resident of the State of California.

2. Defendant LIBERTY MUTUAL AUTO & HOME SERVICES, LLC ("LIBERTY MUTUAL HOME"), is a Massachusetts corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business located in the State of California.

3. At all times herein mentioned, LIBERTY MUTUAL HOME has been a corporation duly registered and licensed to do business as an insurer under the laws of the State of Nevada.

4. Defendant LIBERTY MUTUAL GROUP, INC. ("LIBERTY MUTUAL GROUP"), is a Massachusetts corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business located in the State of California.

5. At all times herein mentioned, LIBERTY MUTUAL GROUP has been a corporation duly registered and licensed to do business as an insurer under the laws of the State of Nevada.

///

6. Defendants Does 1 through 100 are persons, corporations or other entities which are authorized to do and doing business in the State of Nevada as insurers. The true identities of Does 1 through 100 are currently unknown to Plaintiff and Plaintiff therefore prays for leave to amend this complaint to assert the proper names of each such insurer when its identity is discovered. Each of Does 1 through 100 issued one or more policies of insurance which names Plaintiff as an insured and/or provides or potentially provides coverage for all or a portion of the claims made against Defendants by Plaintiff as referred to in this complaint, whether directly, indirectly or in the status of an excess or reinsurance policy. Defendants Does 101 through 200 are persons, corporations or other entities which reside or are authorized to do and doing business in the State of Nevada. Each of Does 101 through 200 was the managerial agent, employee, predecessor, successor, joint-venturer, co-conspirator, alter ego and/or representative of one or more of the other defendants named herein or identified as Does 1 through 100, and acted with the permission, authorization and/or ratification and consent of the other defendants. Plaintiff is informed, believes, and thereon alleges that each fictitiously named defendant was in some way responsible for, participated in, or contributed to the matters that Plaintiff complains of, and has legal responsibility for those matters.

## UNDERLYING FACTS

7. Plaintiff is the owner of the property located at 8940 West La Mancha Avenue, Las Vegas, Nevada, 89149 ("Subject Property"). Plaintiff secured insurance coverage for this property through LIBERTY MUTUAL HOME and LIBERTY MUTUAL GROUP, policy number H3726864727740.

8. On or about December 26, 2013, Plaintiff's home suffered a water leak, which caused extensive damage to the interior of the home, as well as significant damage to the personal property of the tenant that lived in the property.

9. A claim was promptly filed with LIBERTY MUTUAL HOME and LIBERTY MUTUAL GROUP regarding this loss. The claim number assigned to this loss by LIBERTY MUTUAL HOME and LIBERTY MUTUAL GROUP is 028687476-01.

10. LIBERTY MUTUAL HOME and LIBERTY MUTUAL GROUP investigated this loss and accepted coverage for it on or about February 7, 2014.

11.     Unfortunately, LIBERTY MUTUAL HOME and LIBERTY MUTUAL GROUP, including Does 1 through 200, has engaged in a pattern and practice of undervaluing the amount of the claim, and has failed to properly document the nature and extent of the damages to the home. As a result, there remain significant damages to the home for which remuneration has not been paid, causing significant out of pocket expenses and property damages arising from defective investigation and evaluation of the loss, as well as from LIBERTY MUTUAL HOME and LIBERTY MUTUAL GROUP, and Does 1 through 200's unwillingness to properly honor its responsibilities under the insurance contract. As a result, Plaintiff has been compelled to incur loss and adjustment, out of pocket expenses, mitigation, repair, and/or investigative costs as well as attorneys' fees, court costs in this action, and may in the future be compelled to incur additional costs, expenses and fees.

12.     Pursuant to the insurance policy referred to herein above, Defendants promised to pay all sums necessary to compensate Plaintiff arising out of the loss suffered at Plaintiff's home. Plaintiff is informed and believes, and thereon alleges that the legal effect of the above-described policy is as set forth in this paragraph and in the paragraphs above.

13.     Plaintiff has in fact made allegations and claims indicating that the property damages and other losses alleged herein occurred during the policy periods of the insurance policy issued by the Defendants.

14.     Plaintiff provided proper notice of the claims asserted to each of the Defendants. Plaintiff has performed each requirement, covenant and/or condition which on his part must be performed in order to obtain coverage for the loss he has suffered under the policy referenced herein above and/or has been excused from so performing as a result of Defendants' breach of their respective insurance agreements, including their refusals to properly pay the claim as alleged herein.

### FIRST CAUSE OF ACTION
#### For Breach of Contract

15.     Plaintiff repeats, realleges and incorporates all of the allegations contained in paragraphs 1 through 14 of this Complaint.

16.     Plaintiff provided proper and timely notice of his claim, arising out of the loss suffered at his home, as required by the insuring agreement, as set forth above. Plaintiff has performed each

covenant and/or condition which on his part must be performed in order to obtain coverage under the insuring agreement referenced herein above or has been excused from so performing as a result of each Defendants' breach of the insurance agreement, including their refusals to properly pay the loss suffered by Plaintiff.

17. As set forth above, Defendants, and each of them, among other things, agreed to, and had a duty to timely and fully investigate, evaluate and adjust any loss that Plaintiff may suffer at the subject property that falls within, or potentially falls within the ambit of coverage as set forth in the insuring agreement.

18. As set forth above, Defendants, and each of them, among other things, agreed to, and had a duty to indemnify, pay, compensate and/or make Plaintiff whole as to his claims arising out of the loss he suffered at his home, as required by the coverage in the insuring agreement, as defined in the policy referenced herein above.

19. Defendants have utterly failed to satisfy their responsibilities and obligations as required by the insuring agreement, and have thereby wrongfully breached their contract with Plaintiff. In breach of above-referenced insurance policy, Defendants, and each of them, through their officers and/or managerial agents and/or employees, have refused and continue to refuse to pay and/or reimburse/indemnify Plaintiff for his damages as a result of the loss.

20. As a result, Plaintiff has been forced to incur out of pocket expenses, repair costs and other damages and expenses, including costs of suit and attorney's fees, arising out of Defendants' failure to honor their obligations under the insuring agreement, referred to herein above.

21. Plaintiff is entitled to recover all of his damages arising out of Defendants' breach as referenced herein.

## SECOND CAUSE OF ACTION

### For Breach of the Implied Covenant of Good Faith and Fair Dealing

22. Plaintiff repeats, realleges and incorporates by this reference each and all allegations contained in paragraphs 1 through 21 of this Complaint.

///

///

23. Defendants, and each of them, at all material times had the duty to act fairly and in good faith to Plaintiff in carrying out their responsibilities under the policy of insurance referred to herein above.

24. Pursuant to the insurance policy, Defendants, and each of them, have implicit obligations to act fairly and in good faith to Plaintiff to promptly and reasonably investigate the loss suffered by Plaintiff, and to make prompt, reasonable coverage decisions.

25. Plaintiff is informed and believes that Defendants, and each of them, breached their obligation to act fairly and in good faith toward Plaintiff by one or more of the following:

(a) Failing to conduct reasonable, prompt and unbiased investigation into Plaintiff's claims;

(b) Delaying and/or failing to reach a decision as to whether to provide coverage for such claim;

(c) Denying coverage regarding certain property losses in violation of the insurance policy and/or in contravention of the documentation contained within its files;

(d) Utilizing incompetent and/or unqualified employees or independent contractors to evaluate Plaintiff's loss, thereby denying Plaintiff the opportunity to have a fair and reasonable adjustment of his claim, as well as for the purpose of denying coverage to Plaintiff;

(e) Failing to provide coverage to Plaintiff for losses and damages and other expenses that fall within the coverage of the insurance policy;

(f) Basing their coverage decisions on its desire to reduce or avoid its obligations to Plaintiff;

(g) Refusing to properly investigate and/or remedy their deficient adjustment of Plaintiff's claim with the intention of coercing Plaintiff to forego the benefits of the policy;

(h) Employing incompetent and/or unqualified employees to impair or preclude fair claims handling;

///

  (i) Taking the above-described actions for the purpose of forcing Plaintiff to forego the benefits to which he is entitled and forcing Plaintiff to expend and incur expenses that are covered under the insuring agreement;

  (j) Taking the actions referenced in sub-paragraphs (a) - (i) referenced above as part of a systematic and deliberate scheme to withhold policy benefits that would otherwise be due.

26. Plaintiff is also informed and believes that the respective officers, directors and/or managing agents and/or employees of each Defendant participated in, authorized and/or ratified the wrongful conduct of said Defendants, and each of them, as alleged above.

27. As a result of the bad faith conduct of the Defendants, and each of them, in this matter, Plaintiff has incurred substantial attorneys' fees, costs and expenses in out of pocket expenses, repair, loss adjustment, mitigation, investigation and other costs and expenses arising out of the loss Plaintiff suffered at his home, and has been required to bring this Complaint to enforce his rights as an insured under the policies mentioned herein. Plaintiff is entitled to recover as damages against each of the Defendants, and each of them, all the aforementioned fees, costs and expenses which he has incurred as a result of the loss, together with interest thereon. Plaintiff has suffered damages and will continue to suffer damages within the jurisdiction of this court, according to the proof Plaintiff will provide at the trial of this matter.

28. Plaintiff is further entitled to recover as damages against each of the Defendants, and each of them, all fees, expenses and costs incurred in this action to enforce his rights under the insurance policy, plus interest thereon, according to the proof Plaintiff will provide at the trial of this matter.

29. The above described conduct of the Defendants, and each of them, has been and continues to be unreasonable, capricious and arbitrary, and constitutes a breach of the covenant of good faith and fair dealing contained in the insurance policy referred to in this Compliant. The above-described conduct further constitutes malicious, oppressive and despicable conduct and conscious disregard of Plaintiff's rights, and stems from improper and evil motives, including Defendants, and each of them, desire to reduce or avoid their obligations to Plaintiff, so as to justify an award of

punitive and exemplary damages. Additionally, Plaintiff is informed and believes that the actions of Defendants, and each of them, as described in the above paragraphs, constitute a systematic, methodical and general scheme to improperly, unfairly and unreasonably deprive its policyholders, such as Plaintiff, of the benefits of insurance coverage to which such policyholders are entitled.

## THIRD CAUSE OF ACTION

### For Unlawful, Unfair, and Fraudulent Business Practices in Violation of NRS 686A.310 et seq.

30.   Plaintiff repeats, realleges and incorporates all of the allegations contained in paragraphs 1 through 29 of this Complaint.

34.   Plaintiff is informed and believes that Defendants, and each of them, engaged in the activities referenced in this Complaint as part of a systematic, methodical and general practice of depriving insureds, such as Plaintiff, of the policy benefits to which they would otherwise be entitled.

35.   If Defendants, and each of them, are not prevented from engaging in the above-referenced actions, they will continue to engage in such activities to the detriment of their policyholders and the general public.

36.   Among other actions in violation of NRS 686A, et seq., Defendants, and each of them, have:

(a)   Misrepresented to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue.

(b)   Failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

(c)   Failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

(d)   Failed to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

(e)   Failed to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

///

1  (f) Attempted to settle a claim by an insured for less that the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application.

37. Pursuant to Business and Professional Code NRS 686A et seq., this court is authorized to enjoin violation of and enforce Defendants and Does 76 through 100 and 176 through 200, and each of them, duties as specified in paragraphs 1 through 62. As Bergheer's remedies at law are inadequate, a permanent injunction is necessary to prevent Defendants and Does 76 through 100 and 176 through 200, and each of them, from engaging in the complained of activities in this instance and in the future.

WHEREFORE, Plaintiff prays for judgment against each and all of the Defendants as follows:

## ON THE FIRST CAUSE OF ACTION

1. For compensatory damages according to proof, but in an amount within the jurisdiction of this court, including, but not limited to, out of pocket expenses, repair costs and other damages and expenses arising out of Defendant's breach of contract.

2. For attorneys' fees and costs of suit incurred in obtaining the benefits owed under the respective policies, according to proof.

## ON THE SECOND CAUSE OF ACTION

3. For compensatory damages according to proof, in an amount within the jurisdiction of this court, including, but not limited to, out of pocket expenses, repair costs and other damages and expenses arising out of Defendant's breach of the implied covenant of good faith and fair dealing; and

4. For attorneys' fees and costs of suit incurred in obtaining the benefits owed under the respective policies, according to proof; and

5. For punitive and exemplary damages, according to proof.

## ON THE THIRD CAUSE OF ACTION

6. For compensatory damages according to proof, in an amount within the jurisdiction of this court, including, but not limited to, out of pocket expenses, repair costs and other damages and expenses arising out of Defendant's breach of the implied covenant of good faith and fair dealing; and

7. For attorneys' fees and costs of suit incurred in obtaining the benefits owed under the respective policies, according to proof; and

8.   For punitive and exemplary damages, according to proof.

## ON ALL CAUSES OF ACTION

9.   For costs of suit herein; and

10.  For all such other and further relief as the court may deem just and proper.

DATED this 9th day of December, 2016.

By: _/s/ Sergio Salzano_
Sergio Salzano, Esq. (#6482)
4580 N. Rancho Dr., Suite 150
Las Vegas, Nevada 89130
(702) 629-6800
Attorney for Plaintiff

-9-